## CIRCUIT COURT OF HENRICO COUNTY

Ellen Fisher Seidenberg

v.

Arthur Jay Seidenberg

March 16, 1987

Case No. 85-C-257

By JUDGE JOSEPH F. SPINELLA

The Court will address the exceptions as filed by the plaintiff and then as filed by the defendant.

(1) The plaintiff complains that the award of the Commissioner for child support and spousal support is inadequate. It would be a rare situation where a plaintiff or a defendant could state the expenses of maintaining a home and raising a child 17 years of age with complete accuracy. It is also a known fact in this case that neither side can expect to receive 100% of the expenses listed by each. Added together the expense exhibits show a total expense of $3,375.66 and a total income (take home) of $2,526.78 or $2,812.18 as adjusted by the Commissioner. Therefore, there is a lack of funds to fulfill the needs of both parties. The Court therefore must first consider the needs of the child and the Court finds that the award of the Commissioner of $350.00 per month as child support plus $150.00 per year on medical, dental and drug expenses not covered by insurance is adequate to care for the needs of the child and the Court now affirms the award of the Commissioner as to child support.

The Commissioner also determined that the defendant was the guilty party and therefore the plaintiff was

entitled to spousal support. The Court has reviewed the financial statements of each party and finds that the defendant has the ability to pay a reasonable award of spousal support to the plaintiff. Further analysis of the expenses of the defendant beyond that made by the Commissioner is unnecessary. The Court has considered the expenses of the plaintiff and finds that the defendant is not obligated to provide the plaintiff with money for certain items, such as, pet care, charitable contributions, cable television, AAA membership for children over the age of 18 and gifts. It further appears that if you consider the list of expenses of the plaintiff totaling $1,602.46 which includes the expenses of the child and the above referred to items and you then deduct the child support of $350.00, the balance remaining is $1,252.42. The plaintiff has income of $812.18 and deducting that figure her statement shows a possible deficit of $440.24 per month. The Court will award the sum of $400.00 per month as spousal support beginning March 1, 1987, and the Court further sustains the award of the Commissioner for $360.00 per month from the time of his finding through the month of February 1987.

(2) The plaintiff's second exception to the findings of the Commissioner concerns the distribution of marital property. The Commissioner considered "fault" in his analysis and he examined all the factors listed in Section 20-107.3(E) in making his determination that the plaintiff should receive 60% of the marital property and the defendant 40%. After considering the evidence, the briefs and arguments of counsel, the Court cannot find that the Commissioner was in error in his determination of placing the division of marital property at 60% for the plaintiff and 40% for the defendant. Therefore, the Court will affirm the findings of the Commissioner.

(3) The third exception deals with the personal injury settlement which was received by the defendant as a result of being shot by the husband of the person with whom he was having an affair. The question to be considered is whether or not this money which was paid to the defendant at a time when the parties were still married but after the separation is to be considered as marital property. Under § 20-107.3 of the Code of Virginia as it existed at the time of the filing of the Bill of Complaint in March

of 1985, the legislature has stated what should be considered as separate property. Personal injury money is not included within the definition of separate property under the Code. The same section also defines what constitutes marital property. It states "[m]arital property is (i) all property titled in the names of both parties whether as joint tenants, tenants by the entirety or otherwise and (ii) all other property acquired by each party during the marriage which is not separate property as defined above. All property acquired by either spouse during the marriage, before the filing of a bill of complaint stating a ground for divorce is presumed to be marital property in the absence of satisfactory evidence that it is separate property."

Under the facts it appears that the shooting itself, the existence of defendant's cause of action, and defendant's acceptance of the monetary settlement all occurred after the parties had separated yet before the filing of the Bill of Complaint. The burden is upon the defendant to show that this property was separate property and no evidence has been submitted which would prove that the property was acquired after the filing of the Bill of Complaint. The fact that it was to compensate the defendant for pain and suffering as well as other expenses would not, in the view of the Court, qualify the property as separate property considering the definitions given in the Code. The Court will accept the Commissioner's view as to the deduction of credits from the balance remaining at the date the suit was filed which leaves a balance to be included as marital property of $8,736.00. The Court cannot find any basis upon which to establish 50% of the personal injury money to be compensation for pain and suffering and 50% as economic loss. Since the burden is on the defendant to establish the basis for exclusion of property as marital property, the Court amends the Commissioner's report to include the additional sum of $4,368.00 as marital property.

(4) The fourth exception to the Commissioner's award by the plaintiff was the award of counsel fees to the plaintiff. According to a letter of June 4, 1986, the fees charged to the plaintiff total $8,525.00 and some additional costs. It is not necessary to rule upon the award of the Commissioner since the total fees and costs

have changed and it is now up to the Court to determine what fees and. costs will be allowed. The Court will order the defendant to pay $5,000.00 of the plaintiff's attorney's fees plus $77.00 in costs and that all costs before the Commissioner and any other costs in the case be divided equally between the plaintiff and the defendant. The defendant is to be given credit for any payments that he has previously made against the plaintiff's attorney's fees.

As to the exceptions filed by the defendant, exceptions # 1 and # 2 deal with the monies received on account of the injuries from the shooting and the Court has already ruled on same above. The third exception is with regard to the real estate commissions which were deducted from the defendant's portion of the marital property. The Court finds that there is no justification for this deduction and it should not be taken into consideration in determining the amount that the plaintiff must pay in order to purchase the defendant's interest in the real estate. Of course the parties are free to negotiate a purchase price of the defendant's interest in the real estate if they desire.